In the Matter of GLADLEE ESTATES, INC., Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— In consolidated proceedings to review assessments of certain real property for the tax years 1965/66 through 1971/72, the appeal is from a final order of the Supreme Court, Queens County, dated April 19, 1972, which, after a nonjury trial, reduced the assessment for each of the years to $150,000 for the land, $530,000 for the building and $680,000 for the total. Final order modified, on the law and the facts, by increasing the valuation therein for each year for the building and the total to $600,000 for the building and $750,000 for the total. As so modified, final order affirmed, without costs. The property is a six-story, rent controlled apartment house located in the Rego Park-Forest Hills area of Queens. The building, which contains 131 apartments and a garage for 46 cars, was constructed in 1941. During the years in suit. the property was assessed at $860,000, allocated $170,000 to the land and $690,000 to the building. We have ascertained the net operating income, before deduction of realty taxes, to be $103,184. In our opinion, 8.5% is an appropriate capitalization rate for this property. By applying a total capitalization rate of 13.853%, comprised of 8.5% plus 5.353% (the latter percentage being the average real property tax rate for the years in suit), to the net operating income, we compute the rounded-off, correct valuation of the property as $750,000, allocated $150,000 to land and $600,000 to the building. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

In the Matter of INFANTA ENTERPRISES, INC., Appellant, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination dated May 18, 1972, which disapproved petitioner's application for a summer restaurant liquor license, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated October 12, 1972, which dismissed the proceeding on the merits. Judgment reversed and determination annulled, on the law, with $20 costs and disbursements, and matter remanded to respondent for further investigation, investigative interviews and a new determination. In our opinion, the record is inadequate to make a proper determination. This matter merits further investigation, including investigative interviews (see 9 NYCRR 52.14) and a new determination. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.